**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JAKTELY WHITLEY, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 01 C 4805 |
| v. | ) | |
| | ) | |
| ERNESTO VELASCO, et al. | ) | Judge Joan B. Gottschall |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff Jaktely Whitley brought this action alleging that defendants failed to provide him with proper medical and dental treatment while he was a pretrial detainee at the Cook County Department of Corrections ("CCDOC"). Whitley charges various defendants with violating his federal constitutional rights under 42 U.S.C. § 1983 (Counts I-V) and defendant Dr. Michael Guthrie with medical malpractice under Illinois law (Count VII).[1] Presently before the court are the defendants' motions for summary judgment.

The following facts are taken from the parties' Local Rule 56.1 statements.[2] Whitley was a pretrial detainee at the CCDOC when he began to experience tooth pain on or around July 5, 1999. Whitley told correctional officers that he needed to see a dentist, and officers required him to file a written request, which is the standard procedure for requesting routine dental care at CCDOC. At

---

[1] Whitley withdrew Count VI, a medical malpractice claim against defendant Cook County, so the court subsequently dismissed that count.

[2] All parties, to varying degrees, have failed to comply with LR 56.1 and this court's standing order regarding motions for summary judgment. Predictably, these failures have spawned various motions to strike and admit certain facts. These motions are denied. The court has reviewed the parties' pleadings and has considered the LR 56.1 statement or objection only in those cases where the party has complied with the local rules and this court's standing order. Further, the court admonishes the parties for their failure to provide a coherent (or in two cases, any) fact section in their supporting memoranda of law. *See Malec v. Sanford*, 191 F.R.D. 581, 585 (N.D. Ill. 2000) ("56.1 statements do not abrogate a party's obligation to recite its version of the facts in its supporting memorandum").

some point prior to July 8, 1999, Whitley was taken to the dispensary and repeated his request for dental care to defendant Hines, a medical technician. Whitley was provided with ibuprofen, and told he would have to wait for the dentist.

On July 8, Whitley was seen by Guthrie, a dentist at the Cermak Health Services ("CHS") correctional health care facility. Whitley consented in writing to Guthrie's dental treatment, including removal of a tooth. However, Guthrie was unable to anesthesize Whitley adequately and failed to perform the extraction. Over the next several days, Whitley's face began to swell and he began experiencing blurred vision and severe pain in his mouth and neck. Whitley requested to see a doctor, and was taken back to see Dr. Guthrie on July 15. Whitley refused to let Guthrie treat him, believing that Guthrie "already messed [him] up."

Whitley's condition continued to worsen after July 15, and he began wearing a white towel around his face "to alleviate the pain and to get attention." Whitley's symptoms again were treated with ibuprofen. The record is not clear whether Whitley actively requested emergency dental care during this time, but Whitley maintains that his (at least implicit) requests for immediate medical attention went unheeded until July 22. On that date, Whitley was sent to Cook County Hospital with a consultation request form describing Whitley's status as "emergency life threatening." Whitley underwent emergency surgery to remove several teeth and treat abscesses, and had to undergo followup surgery several weeks later after he was released on bond. The second surgery involved replacing the bone under Whitley's left eye with a metal plate and screws.

**1. The CCDOC Defendants.**

The court begins with the CCDOC defendants' motion for summary judgment. A pretrial detainee's claim that he has been denied adequate medical care is a Due Process claim. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979)). Although the

Eighth Amendment does not apply to pretrial detainees, they are afforded at least as much protection as the Eighth Amendment provides convicted prisoners. *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005). Accordingly, courts consider Eighth Amendment standards when examining pretrial detainees' claims of inadequate medical care. *Chavez*, 207 F.3d at 904. "[T]o make out a claim under the Eighth Amendment for failure to provide adequate medical care, a pre-trial detainee must demonstrate that: (1) his condition was 'objectively serious'; and that (2) the defendants were deliberately indifferent to that condition." *Board*, 394 F.3d at 479-80. Conduct is "deliberately indifferent" when the official "must have known that the plaintiff was at serious risk of being harmed [and] decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Id.* at 478 (internal citations omitted).

The CCDOC defendants first contend that Whitley's medical problems were not sufficiently serious, citing *Gutierrez v. Peters*, 111 F.3d 1364 (7th Cir. 1997) and noting that "not every 'ache and pain or medically recognized condition involving some discomfort'" supports an Eighth Amendment claim. This argument fails, and even is undermined by *Gutierrez*. The condition at issue in that case–a cyst that was causing a prisoner pain–was sufficiently serious for Eighth Amendment purposes because it was a condition mandating medical treatment. *Id.* at 1373. The same logic applies here: Whitley's condition was not a minor ache or pain, but rather a serious condition that required professional medical attention and, ultimately, emergency care. *See Board*, 394 F.3d at 480 (affirming that "dental care is one of the most important needs of inmates" because inadequate dental care poses the "risk of serious, even life-threatening infection and possibly death") (internal citation omitted). The court finds that Whitley has demonstrated that his condition was objectively serious.

Defendants maintain that the individual correctional officers still are not liable because

Whitley has failed to demonstrate their deliberate indifference to his needs. The touchstone of defendants' argument is that Whitley never told any officer that he needed emergency care. According to defendants, Whitley only requested to see a dentist, and defendants honored those requests in the manner prescribed for routine care. Whitley claims that he had obvious indications of serious medical need (such as facial swelling) and that those physical indications, coupled with his description of symptoms and requests for medical attention, were sufficient to convey that his requests were of an urgent nature. Defendants have provided affidavits from the correctional officers stating that Whitley did not request immediate treatment and that he did not appear to require emergency care. However, these fact disputes only underscore that Whitley's claim against the individual officers is inappropriate for resolution at the summary judgment stage. *See, e.g., Cooper v. Casey*, 97 F.3d 914, 917 (7th Cir. 1996) (prisoners' claim that they were in sufficient pain to have guards address their request for medication within 48 hours was properly an issue for the jury). Defendants' motion for summary judgment as to the individual correctional officers (Count I) is denied.[3]

Whitley also brings claims against some of the correctional officers in their official capacities, as well as a claim against Ernesto Velasco, the executive director of CCDOC. Official capacity suits "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985). To succeed in his claim against the CCDOC, Whitley must show that action taken under color of law "caused the deprivation of a federal right and can be definitively linked to the [CCDOC's] policy or custom." *Ware v.*

---

[3] According to affidavits provided by defendants, officers Rosenski and Carolyn Hill (who were never served and did not file appearances) do not exist. Whitley claims that he subsequently has learned these individuals' true identities, and now asks leave to amend the complaint. Whitley's request, in the form of a LR 56.1(b)(3) objection, is improper and on that basis is denied.

*Fairman*, 884 F. Supp. 1201, 1208 (N.D. Ill. 1995) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Whitley argues that the individual defendants' "awareness" of certain CCDOC policies and procedures, presumably those involving handing of requests for routine dental care, is what caused his harm. As Whitley concedes, however, CCDOC's policies also contemplate immediate treatment for dental emergencies. Whitley offers no evidence (and in fact does not even argue) that there was an unwritten CCDOC policy or custom that officers were to disregard those official policies or misuse the policy for requesting routine care in order to deny inmates emergency treatment. Because Whitley has not demonstrated that there is a factual dispute as to whether the CCDOC is the "moving force" behind his alleged injury, *Bd. of the County Comm'rs v. Brown*, 520 U.S. 397, 404 (1997), the court grants the CCDOC defendants' motion for summary judgment as to Count II.

**2. The CHS Defendants.**

Guthrie, Bersky (CHS's Chief Operating Officer) and Hines (who apparently works for CHS) move separately for summary judgment. The majority of the CHS defendants' motion rests on the assumption that Whitley's federal claims should be treated as medical negligence claims. Defendants argue that they are entitled to summary judgment on the Section 1983 claims because they are merely claims for medical malpractice, citing *Snipes v. Detella*, 95 F.3d 586 (7th Cir. 1996) and *Jones v. Natesha*, 233 F. Supp. 2d 1022 (N.D. Ill. 2002).[4] These cases stand for the uncontroversial proposition that disagreements as to the appropriateness of a course of treatment do not state an Eighth Amendment claim. Defendants do not develop the argument further, but merely assert that "medical decisions ... are beyond the purview of the eighth amendment." CHC Def.'s Br.

---

[4] For some reason, these cases were attached (and cited to) as an exhibit to defendants' LR 56.1(a)(3) statement of facts.

at 9. To the extent defendants are arguing that an Eighth Amendment claim cannot be brought against a medical professional, they are incorrect. *See Chavez*, 207 F.3d at 905 (reversing grant of summary judgment as to pretrial detainee's due process claim against nurse practitioner). For Eighth Amendment purposes, deliberate indifference may be inferred from a medical professional's decisions if those actions represent "a substantial departure from accepted professional judgment, practice, or standards." *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001) (internal citation omitted).

The CHC defendants' brief and LR 56.1 statement are silent as to the accepted professional standards for either dentists or medical technicians, to say nothing of whether defendants acted in accordance with those standards.[5] Although defendants attach an expert report that they claim "support[s] the medical/dental services rendered," none of the facts alleged in that report appear anywhere in defendants' papers. Defendants' naked citation to a supporting document disregards the purpose of the LR 56.1(a)(3) statement, which is to identify for the court and the opposing party the specific facts entitling the moving party to judgment. *Accord Malec*, 191 F.R.D. at 583 ("supporting documents submitted with a motion that are not referred to in the statement of facts will be ignored"). This court will not review and extract portions of defendants' expert report for them, especially since Whitley would not have the opportunity to object to those statements afforded by LR 56.1(b)(3)(A).

The CHC defendants also contend that they are protected from Whitley's Section 1983 claims under various portions of the Illinois Tort Immunity Act, 745 ILCS 10/1-101 *et seq.*, which provides immunity for medical negligence claims. This argument fails. It is well settled that

---

[5] Defendants argue that Whitley has not met an Illinois law burden of providing expert testimony as to the standard of care in medical negligence cases, but they do not explain how, or why, this would be relevant to the Section 1983 analysis.

defenses to a federal cause of action–including claims of immunity–are governed by federal law, *Howlett v. Rose*, 496 U.S. 356 (1990), and the Seventh Circuit accordingly has found that the Tort Immunity Act does not apply to Section 1983 claims. *See, e.g., Payne v. Churchich*, 161 F.3d 1030, 1038 (7th Cir. 1998).

The CHC defendants' final argument is that Section 8-101 of the Tort Immunity Act bars all of Whitley's claims because it provides for a one year statute of limitations for medical malpractice claims against local entities and their employees. *Tosado v. Miller*, 720 N.E.2d 1075 (Ill. 1999). The court already has rejected this argument as to the Section 1983 claims when defendants raised it in their motion to dismiss. *See Whitley v. Velasco*, No. 01 C 4805, Doc. No. 53, at 4 (N.D. Ill. Aug. 1, 2002). However, the court did not decide whether the statute of limitations applied to the medical malpractice claim against Guthrie since it was not clear from the complaint that Guthrie was a Cook County employee. Defendants now offer evidence that Guthrie was a Cook County employee, which Whitley does not dispute. Accordingly, the court finds that Guthrie is entitled to summary judgment on the state medical malpractice claim against him (Count VII) because Whitley's complaint was not brought until 23 months after the claim accrued.

For the reasons stated above, the motion for summary judgment of the CCDOC defendants is granted as to Count II, and defendant Guthrie's motion for summary judgment is granted as to Count VII. The remainder of defendants' motions is denied.

ENTER:

/s/

Joan B. Gottschall
United States District Judge

DATED: March 17, 2005