IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAKTELY WHITLEY<br>Plaintiff | ) Case No. 01 C 4805<br>) Judge Gottschall |
| vs. | )<br>) |
| ERNESTO VELASCO, Executive Director<br>Cook County Department of Corrections<br>In his Official Capacity, et. al.,<br>Defendants | )<br>)<br>)<br>) |

### NOTICE OF FILING

To:
Richard A. Devine
State's Attorney of Cook County
Richard J. Daley Center
Mary Margaret Burke, A.S.A. Rm. 301
Chicago, Illinois 60602

Francis J. Catania, A.S.A.
Richard A. Devine
State's Attorney of Cook County
500 Richard J. Daley Center
Chicago, Illinois 60602

PLEASE TAKE NOTICE that on July 25, 2005 I caused to be filed with the Clerk of the United States District Court for the Northern District of Illinois, the following Motion(s) In Limine: 1) Motion in Limine to Bar Testimony From the Cermak Health Services Defendants' Expert: 2) Motion in Limine to Bar Admission of the Evidence Deposition of the Cermak Health Services Defendants' Expert Witness; and 3) Motion In Limine to Bar Admission of any Reference to the Cermak Health Services Defendants' Expert Witness Suffering From Cnacer and his Services to Cancer Patients, a copy/copies of which are attached hereto and served upon you.

_____
Attorney for Plaintiff

Law Office of Patricia E. Bender
5415 N. Sheridan Rd. Suite 1411
Chicago, Illinois 60640
(773) 878-7148

### CERTIFICATE OF SERVICE

I, Patricia E. Bender, an attorney certify that I served upon the above at the above address, Notice, and Motion(s) In Limine, by depositing same in the U. S. Mail, prepaid postage, before the hour of 7:00 p.m. on July 25, 2005.

_____
Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAKTELY WHITLEY<br>Plaintiff<br><br>vs.<br><br>ERNESTO VELASCO, Executive Director<br>Cook County Department of Corrections<br>In his Official Capacity, et. al.,<br>Defendants | ) Case No. 01 C 4805<br>) Judge Gottschall<br>)<br>)<br>)<br>)<br>)<br>) |

MOTION IN LIMINE
TO BAR TESTIMONY FROM THE CERMAK HEALTH SERVICES
DEFENDANTS' EXPERT

NOW COMES Plaintiff, JAKTELY WHITLEY, by and through counsel, motioning for entry of an order barring the CERMAK HEALTH SERVICES defendants' expert witness's testimony, and in support thereof states:

1. Pertinent to this motion are plaintiff's pending claims under 42 U.S.C. Section 1983 alleging violation of due process in that Cermak Health Services defendants were deliberately indifferent to plaintiff's serious dental/medical condition, while he was a pretrial detainee at the Cook County Department of Corrections.

2. The Cermak Health Services defendants[1] named Dr. Robert Ronkin as their expert witness.

3. Dr. Ronkin's proferred testimony as provided in his written report is: " It is my opinion that there is no indication of a deliberate indifference to Mr. Whitley's medical needs.... There is no indication that the policies pertaining to dental services in

---

[1] Plaintiff is not aware of the CCDC defendants having proffered Dr. Ronkin as their expert, also. If so, plaintiff requests that the herein Motion In Limine apply to the CCDC defendants, also.

effect at Cermak Health Services caused deliberate indifference to Mr. Whitley's dental/medical needs.... the plaintiff contributed to his dental problem by neglecting his teeth and failing to have periodic dental care and treatment. Had Mr. Whitley sought treatment ...in the years prior to the date of the alleged negligence, the surgeries at Cook County Hospital could have been prevented." ( Page 1 Paragraph 2 and Page 2 Paragraph 1 of Dr. Ronkin's report attached hereto)

4. Also, on April 20, 2005, Dr. Ronkin's proffered testimony was given in his evidence deposition, taken pursuant to Fed. R. Civil. Proc. 32 for unavailable witnesses.

5. Testimony from Dr. Ronkin, either from the stand or by deposition should be barred at trial, for the following reasons:

A. First, Dr. Ronkin's opinion that the defendants ""were not deliberate indifferent", is a legal conclusion as to the ultimate issue in this trial, and as such is improper testimony from an expert witness. (Although an expert's opinion may embrace an ultimate issue to be decided by the trier of fact, Fed. R. Evid. 704(a), the issue embraced must be a factual one. Berry v. City of Detroit, 25 F. 3d 1342, 1353.

B. Second, Dr. Ronkin opining that plaintiff "contributed to his dental problem by neglecting his teeth....." and having not "sought treatment... ...in the years prior to the date of the alleged negligence", otherwise, "the surgeries at Cook County Hospital could have been prevented.", is not proper expert testimony for the issue in this case. The issue is whether the defendants were deliberately indifferent to plaintiff's serious dental/medical need, while he was a pretrial detainee. So, whether or not plaintiff should have taken better care of his teeth and should have gotten his teeth fixed before

coming to jail is not relevant. Also, whether plaintiff was contributorily negligent in having not taken better care of his teeth is not of issue, because this is not a medical malpractice case. As such, testimony from Dr. Ronkin that plaintiff " contributed to his injuries" by "neglecting his teeth " and having not "sought treatment... ...in the years prior" , otherwise, "the surgeries at Cook County Hospital could have been prevented", should not be admitted because : 1) it is not relevant; 2) it will not assist the trier of fact to understand or determine a fact in issue; 3) it will serve only to confuse the jury, and ; 4) it may prejudice jurors against plaintiff. FRE 702, 704, 402, 403, and Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 589 (1993).

C. Third, Dr. Ronkin is not qualified to testify on the issue of deliberate indifference in this case, because he has never practiced as a dentist inside of a jail/prison facility.

D. Fourth, defendants have proffered Dr. Ronkin as an expert on whether Dr. Guthrie appropriately documented that plaintiff (allegedly) refused treatment on July 15, 1999. It was Dr. Ronkin's opinion that "Dr. Guthrie appropriately documented the refusal as required by policy". (Page 3 Paragraph 2 of Dr. Ronkin's Report attached hereto) First, Dr. Ronkin's opinion is based upon an incorrect conclusion that plaintiff refused treatment. Secondly, Dr. Ronkin's testimony does not qualify as expert witness testimony. Whether plaintiff refused treatment/whether plaintiff made an informed refusal, and whether Dr. Guthrie complied with the General Order are matters within the jurors ability to determine.

Dr. Ronkin's testimony "that Dr. Guthrie appropriately documented the refusal as required by policy"; that "Mr. Whitley refused any treatment"; and that "Dr. Guthrie's

efforts to assist Mr. Whitley were thwarted by the plaintiff himself", should not be admitted because it is not expert testimony as contemplated under FRE. 702. It is not scientific, technical or other specialized knowledge that will assist the trier of fact in determining a fact in issue. Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 589 (1993).

WHEREFORE, Plaintiff prays for entry of an order barring Dr. Ronkin from testifying at the herein trial, either in person or by evidence deposition, alternatively, striking those portions of Dr. Ronkins proferred testimony, reference in the herein motion and barring any related testimony.

Respectfully submitted:

Jaktely Whitley

By: _____
Attorney for Plaintiff

Law Office of Patricia E. Bender
5415 N. Sheridan Rd. Suite 1411
Chicago, Illinois 60640
(773) 878-7148

**ROBERT B. RONKIN, D.M.D., M.D.**

ORAL SURGERY-GENERAL SURGERY

610 EAST ROOSEVELT RD., # 201
WHEATON, ILLINOIS 60187
Telephone (630) 668-1840
Fax (630) 668-1973

Jaktely Whitley v. County of Cook, et al.

Case No. 01 C 4805

As an oral surgeon and general surgeon, I have reviewed the following materials in the above captioned litigation:

Plaintiff's First Amended Complaint;

Dental records from Cermak Health Services;

Medical records from Cook County Hospital;

Four patient encounter forms pertaining to plaintiff;

Four dental policies from Cermak Health Services entitled Dental Services, Dental Emergencies, Oral Screening Process, and Priority of Dental Treatment;

Deposition testimony of plaintiff, Mr. Whitley, including exhibits;

Two dental x-rays pertaining to plaintiff (1 periapical x-ray, 1 panoramic x-ray)

The opinions and curriculum vitae of Dr. Bruce Reuben.

It is my opinion that there is no indication of a deliberate indifference to Mr. Whitley's medical needs, as alleged in the First Amended Complaint. There is no indication that the policies pertaining to dental services in effect at Cermak Health Services caused deliberate indifference to Mr. Whitley's dental/medical needs as alleged in the First Amended Complaint.

Jaktely Whitley v. County of Cook, et al												Page 2

In fact, Mr. Whitley was seen by health care providers at Cermak Health Services on several occasions before being transferred to Cook County Hospital. Based on my review of plaintiff's x-rays and examinations as documented in the medical/dental records and Mr. Whitley's deposition, the plaintiff contributed to his dental problem by neglecting his teeth and failing to have periodic dental care and treatment. Had Mr. Whitley sought treatment for this obviously chronic decayed tooth #19 in the years prior to the date of the alleged negligence, the surgeries at Cook County Hospital could have been prevented.

The examination performed by Dr. Guthrie on July 8, 1999 was appropriate and within the standard of care. The plaintiff's buccal mucosa, floor of his mouth and oral pharynx appeared within normal limits at that time. It is not unusual for a dental practitioner to experience difficulty providing complete local anesthesia to a patient with gross carries and periapical reaction as documended being present in tooth #19. The chronic nature and extent of the periapical inflammation can resist the dental practitioner's best efforts to achieve complete anesthesia. In addition any lack of cooperation or comprehension on the part of the patient can further inhibit efforts to achieve adequate local anesthesia, thereby preventing successful extraction. In this situation, the degree of plaintiff's dental decay and subsequent periapical reaction was sufficient to cause or contribute to Dr. Guthrie's difficulty in achieving adequate local anesthesia.

Jaktely Whitley v. County of Cook, et al										Page 3

On July 8, 1999, it was appropriate and within the standard of care for Dr. Guthrie to reschedule Mr. Whitley. There was no evidence of purulence or soft tissue swelling present on July 8, 1999 based on Dr. Guthrie's examination.

Mr. Whitley's dental symptoms worsened after Dr. Guthrie examined him on July 8, 1999. When Dr. Guthrie next examined Mr. Whitley on July 15, 1999 and appropriately recommended extraction of tooth #19 immediately, Mr. Whitley refused any treatment stating he was "going home tomorrow". Dr. Guthrie appropriately documented the refusal as required by policy. Dr. Guthrie's efforts to assist Mr. Whitley were thwarted by the plaintiff himself. It was appropriate and within the standard of care for Dr. Guthrie to prescribe pain medication and an antibiotic. It was appropriate and within the standard of care for personnel to administer these medications, including Ms. Hines as alleged in the First Amended Complaint.

On July 22, 1999, Dr. Guthrie examined Mr. Whitley who apparently had not gone home, and appropriately referred him to Cook County Hospital for further treatment. This referral was within the standard of care. The dental/oral surgical services subsequently rendered at Cook County Hospital were appropriate and within the standard of care.

The course of Mr. Whitley's dental problems may not have been limited to tooth #19. Tooth #17 may have caused or contributed to the dental problems he demonstrated on July 22, 1999.

Jaktely Whitley v. County of Cook, et al                               Page 4

    My opinions are based on my education, training and experience, and held to a reasonable degree of medical, dental, and surgical certainty.

                                                  Robert B. Ronkin DMD MD